IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 16 CR 723 |
| | ) | |
| RONALD COLEMAN, | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

DEFENDANT RONALD COLEMAN'S MOTION
FOR A NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33

The defendant RONALD COLEMAN, by his attorney, Thomas P. Needham, hereby submits the following motion pursuant to Federal Rule of Criminal Procedure 33. In support, the defendant states the following:

I. LEGAL STANDARD

Rule 33 permits a court to vacate any judgment and grant a motion for a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a); *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016). Courts have interpreted Rule 33 to require a new trial, in the interests of justice, where the substantial rights of the defendant have been jeopardized by any errors or omissions during trial. *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). It is proper for the court to consider the credibility of witnesses when deciding whether to grant a new trial. *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). In doing so, "the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses." *Id*. A Rule 33 motion should be granted if the evidence "preponderate[s] heavily against the verdict, such that it

would be a miscarriage of justice to let the verdict stand." *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007).

## II. ARGUMENT

Coleman was not proven guilty of obstruction of justice beyond a reasonable doubt. The Government charged Coleman with obstructing a federal grand jury investigation of alleged narcotics trafficking by Rodney Bendenfield and his associate Dewan Davis, by telling Laron Conway to tell Davis to stop engaging in illegal activity and warn him that the police would be searching houses. *See Indictment*, at 3. Under 18 U.S.C. § 1512(c)(2), the government must prove beyond a reasonable doubt that: (1) the defendant obstructed, influenced, or impeded an official proceeding; and (2) the defendant acted corruptly. *United States v. Hollnagel*, 955 F. Supp. 2d 830, 863 (N.D. Ill. 2013).

There was evidence that Coleman received a phone call from a high school classmate, Laron Conway the morning of June 9, 2014. That same morning, Conway called his cousin Dewan Davis. There are no recordings of the call from Conway to Coleman or the call from Conway to Davis. The next day (almost 26 hours later), and after at least four other phone conversations with unknown individuals, Davis called Bedenfield and made plans to move narcotics and other items from one known stash house to another. The calls between Davis and Bedenfield were recorded. According to Davis, the information came from a "homie that works for the task force…at the one out south." *See Government Exhibit Call 4470*. There was no evidence that Coleman was the one who provided this

information Conway and intended for it to be passed on to Davis, and then to Bedenfield. Rather, Davis testified, "I *assumed* that when he told me he was out south on the task force, I *assumed* that it was Ron Coleman." *See Davis Trial Transcript*, at 61:11-12. Davis also testified that he "assumed" Coleman was from the south side (*Id.*, at 61:14) and "…when [Conway] said South Side, I *assumed* it was Ronald Coleman." *Id.*, at 86:15-16. (emphasis added).

    Coleman testified that Conway called him about a Father's Day gathering that Sunday, June 15, 2014 and they discussed their plans to grill at Marquette Park with a group of former high school classmates. Coleman's testimony was credible and unimpeached. Conway testified that he received a phone call from an unknown woman who told him to call Coleman, that he immediately called Coleman, and Coleman told him to tell Dewan to "cut that shit out" and "clean that shit up." Conway also admitted that he lied to the FBI and the prosecutors on several occasions. In addition, his phone records do not show a call from the unknown woman (or anyone else) on the morning of June 9, 2014 before he contacted Coleman. Nevertheless, he has remained adamant about receiving this phone call. His testimony cannot be trusted and contradicts the concrete facts.

    The evidence does not support a conclusion that Coleman provided internal police information to Conway about Operation Five Leaf Clover, intending that it be passed to Davis and Bedenfield so that they could move the drugs and evade the upcoming raid. Even if the jury believed this to be true, there was insufficient evidence to show that Coleman acted corruptly, in that he provided the information

for the purpose of interfering with the federal grand jury investigation. The conclusion that Coleman impeded an investigation that he had been working on for over a year, in the midst of a solid police career, to benefit Davis (who was not a target and who Coleman did not have a relationship with) defies logic and is contrary to the facts of this case.

Furthermore, the government failed to present any evidence that Coleman acted "corruptly," with the purpose of wrongfully impeding the federal grand jury investigation. In fact, the evidence showed the opposite – that Coleman was part of the Chicago Police Department narcotics team that was working with the DEA to investigate and apprehend Bedenfield and his narcotics associates. Even if the court were to credit the government's theory of Coleman's conduct (i.e. that Coleman wanted to help Davis avoid being swept up in the Bedenfield investigation), that conduct would have had no effect on Operation Five Leaf Clover because Davis was not a target and there were no plans to arrest him or search his home.

## III. CONCLUSION

For the reasons stated above, the defendant Ronald Coleman respectfully requests that this Court grant this motion for a new trial pursuant to Rule 33.

Respectfully submitted,

/s Thomas P. Needham
Attorney for Defendant Ronald Coleman

Law Office of Thomas P. Needham
53 W. Jackson Blvd., Suite 452
Chicago, Illinois 60604
(312) 726-3171
tpn@needhamlaw.com